Muriel B. Kaplan, Esq. (SBN 124607)
Michele R. Stafford, Esq. (SBN 172509)
Shaamini A. Babu, Esq. (SBN 230704)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile
mkaplan@sjlawcorp.com
mstafford@sjlawcorp.com
sbabu@sjlawcorp.com

Attorneys for Plaintiffs
OPERATING ENGINEERS HEALTH
AND WELFARE TRUST FUND, et al.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIL CROSTHWAITE, et al., as Trustees of the OPERATING ENGINEERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>JOLANDCO, INC.,<br><br>Defendant. | Case No.: C08-1560 MHP<br><br>**REQUEST FOR ENTRY OF JUDGMENT; DECLARATION OF MURIEL B. KAPLAN IN SUPPORT THEREOF** |

I, Muriel B. Kaplan, declare:

1.   I am the attorney of record for plaintiffs herein.

2.   On June 26, 2008, plaintiffs filed a Notice of Voluntary Dismissal with the Court, advising that Defendant had entered into a Stipulation for Entry of Judgment ("Stipulation") establishing a payment plan to satisfy the amounts owed by defendants to plaintiffs in this action. A true and accurate copy of the Stipulation is attached hereto as *Exhibit A*.

3.   The Stipulation was signed on June 20, 2008, by Christopher D. Johnson in his capacity as President of Jolandco, Inc; Christopher D. Johnson in his capacity as President of Joco

Geospacial (aka Joco Geospatial); and Christopher D. Johnson, as personal guarantor.

4. Under paragraph 3(a) of the Stipulation, defendant was required to make an initial payment of $5,473.00 upon execution of the Stipulation. Defendant failed to make the required payment and furthermore did not respond to plaintiffs' demand for payment allowing ten days to cure said default, as required by paragraph 7 of the Stipulation.

5. Defendant then failed to make the stipulated payment of $5,473.00 due to be received by plaintiffs on or before July 15, 2008, as required by paragraph 3(a) of the Stipulation.

6. In accordance with paragraph 6 of the Stipulation, defendant "is considered to be in default of this Stipulation" if any required payment is not received timely.

7. In the event of default and failure by defendant to cure such default, paragraph 7(a) specifically authorizes plaintiffs to file the Stipulation with the Court for the purpose of having Judgment entered. Paragraph 7(d) provides that defendant waives notice of entry of judgment and expressly waives all rights to stay of execution and appeal.

8. In accordance with paragraph 7(a) of the Stipulation, the entire balance of $110,590.12, plus interest that accrues at the rate of 12% per annum, becomes due and owing upon default. Interest will continue to accrue at the rate of 12% per annum until the balance is paid.

9. Further in accordance with paragraph 7(a) of the Stipulation, additional unpaid contributions, including liquidated damages and interest, shall also be immediately due and payable. Defendant has now failed to report or pay contributions due for the months of May 2008 and June 2008. In accordance with Trust Fund policy, the average of the previously reported three months is used to estimate unreported months. Thus, May 2008 and June 2008 contributions are each estimated at $4,929.7, the average of February 2008 through April 2008 contributions, as shown on the attached *Exhibit B*, which is a true copy of the Trust Fund report of defendant's delinquent account. Liquidated damages of 20% are assessed on those estimates, and 12% per annum interest is assessed on the combined contributions and liquidated damages, in accordance with Trust Funds policy. The amounts will be adjusted at such time that reports are received.

10. In accordance with paragraph 7(b) of the Stipulation, additional attorneys' fees

-2-
**REQUEST FOR ENTRY OF JUDGMENT**
**Case No.: C08-1560 MHP**

1  incurred shall be added to the total amount due.

2      11.    The amounts due under the Stipulation for Entry of Judgment are therefore as

3  follows:

| | | |
|---|---:|---:|
| Amount due under Stipulation | | $110,590.12 |
| 12% p/a interest due on Stipulation (6/20/08-7/21/08) | | $1,127.11 |
| 5/08 contributions (est.) | $4,929.76 | |
| 20% LDs on estimated 5/08 contributions | $985.95 | |
| 12% p/a interest on estimated 5/08 contributions/LDs (6/15/08-7/29/08) | $87.12 | |
| | | $6,002.83 |
| 5/08 contributions (est.) | $4,929.76 | |
| 20% LDs on estimated 5/08 contributions | $985.95 | |
| 12% p/a interest on estimated 5/08 contributions/LDs (7/15/08-7/29/08) | $29.04 | |
| | | $5,944.75 |
| Attorneys fees (6/1/08-7/21/08) | | $7,442.00 |
| Cost of Suit (filing & service of Complaint) | | $612.00 |
| **TOTAL** | | **$131,718.81** |

    I declare under penalty of perjury that the foregoing is true of my own knowledge and if called upon I could competently testify thereto.

    Executed this 30th day of July, 2008, at San Francisco, California.

                                          _____/s/_____
                                              Muriel B. Kaplan

IT IS SO ORDERED.

    Judgment is hereby entered against Jolandco, Co., Joco Geospacial, and Christopher D. Johnson in the amount of $131,718.81 including interest through July 29, 2008 and continuing thereafter at the interest rate of 12% per annum through the date of satisfaction of Judgment.

Dated: _____        _____
                                                    THE HONORABLE MARILYN H. PATEL
                                                   UNITED STATES DISTRICT COURT JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

```
1  Muriel B. Kaplan, Esq. (SBN 124607)
   Michele R. Stafford, Esq. (SBN 172509)
2  Shaamini A. Babu, Esq. (SBN 230704)
   SALTZMAN & JOHNSON LAW CORPORATION
3  44 Montgomery Street, Suite 2110
   San Francisco, CA 94105
4  (415) 882-7900
   (415) 882-9287 – Facsimile
5  mkaplan@sjlawcorp.com
   mstafford@sjlawcorp.com
6  sbabu@sjlawcorp.com

7  Attorney for Plaintiffs
```

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIL CROSTHWAITE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>JOLANDCO, INC.,<br><br>Defendant. | Case No: CV 08-01560 MHP<br><br>**STIPULATION FOR ENTRY OF JUDGMENT** |

IT IS HEREBY STIPULATED by and between Plaintiffs GIL CROSTHWAITE, et al. ("Plaintiffs") and Defendant JOLANDCO, INC. ("Defendant") as follows:

1.  Under their Collective Bargaining Agreement, Defendant is obligated to timely make employee benefit contributions to Plaintiffs. Delinquent contributions incur fifteen percent (15%) liquidated damages. Twelve percent (12%) interest per annum accrues on the combined total of contributions and liquidated damages until paid. Defendant is further liable for all resulting attorneys' fees and costs incurred in the collection of delinquent amounts due.

//

//

1
C:\Users\cjohnson\AppData\Local\Microsoft\Windows\Temporary Internet Files\Content.Outlook\FKYI0JXH\Stipulation for Entry of Judgment 061908.doc

STIPULATION FOR ENTRY
OF JUDGMENT

2. Under the terms of their Collective Bargaining Agreement and Trust Agreements, Defendant has become indebted to the Plaintiffs in the amount of **$111,197.58** as follows:

| | |
|---|---|
| Unpaid Contributions (Account Nos. 021-44091 and 019-44092) | $76,378.43 |
| Liquidated Damages | $20,460.28 |
| 12% Interest (through 6/30/08) | $6,294.95 |
| **Sub-total** | **$103,133.66** |
| Attorneys Fees (through 5/31/08) | $7,086.46[1] |
| Costs of Suit (through 5/31/08) | $370.00 |
| **TOTAL** | **$110,590.12 plus 12% per annum interest** |

3. The parties to this action have agreed to resolve this matter as follows:

(a) Defendant shall *conditionally* pay the amount of **$90,129.84** (the total, less liquidated damages of $20,894.11) as follows:

Upon execution of this Stipulation, defendant will make an initial payment in the amount of $5,473.00.

Thereafter, defendant will continue with monthly payments of $5,473.00, to be *received* by plaintiffs *on or before* the 15th of each month beginning with July 15, 2008, and continuing through January 15, 2010. Defendant shall have the right to increase said monthly payments at any time.

(b) Interest will continue to accrue on the unpaid balance at the rate of 1% per month (12% per annum) as provided for in the Bargaining Agreement and Trust Agreements.

(c) Each payment shall be applied first to unpaid interest and then to the reduction of

2
C:\Users\cjohnson\AppData\Local\Microsoft\Windows\Temporary Internet Files\Content.Outlook\FKYI0JXH\Stipulation for Entry of Judgment 061908.doc

STIPULATION FOR ENTRY

1  the principal balance.

2      (d)    All payments made pursuant to this Stipulation shall be made payable to the "*Operating Engineers Trust Funds*," and timely delivered to Michele R. Stafford, Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, CA 94104, or to such other address as may be specified by Plaintiffs.

    (e)    In addition to the obligations set forth above, Defendant further agrees to permit an audit of its records by an authorized representative of Plaintiffs. Defendant agrees to contact Wayne McBride, at (916) 920-4044 within fourteen (14) days of the execution of this Stipulation, to schedule the audit. Defendant shall pay any employee benefit contributions found due and unpaid by Defendant plus liquidated damages and interest accrued thereon as well as all resulting attorneys' fees, costs and audit fees incurred. These amounts will be added to, and will become, a part of this Stipulation. Unless otherwise agreed upon, the monthly payments will continue as set forth above until the entire balance is paid in full.

    (f)    Upon execution of this Stipulation, Plaintiffs will file a Dismissal without Prejudice of the instant action.

4.    At least ten (10) days prior to the date final payment under this Stipulation becomes due, Plaintiffs will advise Defendant in writing of the amount of such payment. The final payment shall consist of any amounts due under the terms of this Stipulation including, but not limited to, the remaining unpaid contributions, additional accumulated interest, and any additional attorneys' fees and costs incurred. This shall also include additional amounts that have been added to this Stipulation as a result of the audit referenced herein. Any failure of Plaintiffs to provide such

---

[1] This amount was calculated as follows: Fees and costs through 5/31/08 totaling $5,200.00, plus an additional $50.00 per month during the payment period for transmittal of payments

3

notice of final payment shall not constitute a waiver by Plaintiffs of any sums due.

5.  Beginning with contributions due for hours worked by Defendant's employees during the month of May 2008, due on June 15, 2008, and delinquent if not received by June 25, 2008, and for every month thereafter until this Stipulation is satisfied, Defendant will remain current in contributions due to Plaintiffs under the terms of the Collective Bargaining Agreement by timely submitting monthly reports and contributions to the Trust Funds. The contribution reports and payments referenced herein shall be delivered directly to the Trust Funds.

Failure by Defendants to remain current in contributions shall constitute a default of the obligations under this Stipulation for Entry of Judgment and the provisions of Paragraph 7 shall apply. Any such contributions, together with 15% liquidated damages and 12% per annum interest as set forth above, shall be added to and become a part of this Stipulation for Entry of Judgment and subject to the terms herein. Plaintiffs reserve all rights available under the applicable Bargaining Agreement and Declarations of Trust of the Trust Funds for collection of current and future contributions.

6.  In the event that Defendant fails to make any payment referenced herein in a timely manner as required, or if payment is made and fails to clear the bank, or is unable to be negotiated for any reason, Defendant shall be considered to be in default of this Stipulation. Failure to schedule or submit to the audit referenced herein shall also constitute a default of Defendant's obligations under this Stipulation.

7.  In the event of a default, Plaintiffs will provide Defendant with written notice of the default, allowing ten (10) days from the date of the notice in which to cure the default. All future payments must be made by cashier's check if the default was caused by a failed check. In the event that a default is not timely cured the following shall occur:

4

(a) The entire balance of **$110,590.12** as specified above, together with interest at the rate of 12% per annum (1% per month), but reduced by payments received from Defendant, but plus any additional unpaid contributions then due, including liquidated damages at the rate of 15% and 12% per annum interest thereon, shall be immediately due and payable.

<u>Plaintiffs shall file this Stipulation with the Court, for the purpose of having Judgment entered.</u> This Stipulation shall only be filed with the Court in the event of a default under the terms herein. A Declaration by plaintiffs or an authorized representative of plaintiffs as to what amount is or remains due, including all interest and additional attorney's fees and costs will be filed with the Stipulation and is sufficient to have Judgment entered.

(b) Plaintiffs have estimated $50.00 per month in attorney's fees for the duration of the payment period, for transmittal of all amounts due. Any additional attorney's fees that were incurred herein shall be added to the total amount due.

(c) A writ of execution may be obtained against defendant without further notice, in the amount of the unpaid balance, plus any additional amounts under the terms herein, upon declaration of a duly authorized representative of the plaintiffs setting forth any payment theretofore made by or on behalf of defendant and the balance due and owing as of the date of default. <u>Defendant specifically consents to the authority of a Magistrate Judge for all proceedings, including, but not limited to, plaintiffs' obtaining a writ of execution herein.</u> Plaintiffs may also obtain an Order requiring that the defendant submit to the requested audit.

(d) Defendant waives notice of entry of judgment and expressly waive all rights to stay of execution and appeal. The declaration or affidavit of a duly authorized representative of plaintiffs as to the balance due and owing as of the date of default shall be sufficient to secure the issuance of a writ of execution, without further notice to defendant.

   (e) In the event of a default, Defendant shall pay all additional costs and attorneys' fees incurred by plaintiffs in connection with collection and allocation of the amounts owed to plaintiffs under this Stipulation.

 8. Plaintiffs specifically reserve the right to bring a subsequent action against Defendant for the collection of any additional contribution delinquencies found to be due for the hours worked during the periods preceding the date of this Stipulation, including but not limited to, all sums found to be due on audit. Defendants specifically waive the defense of the doctrine of res judicata in any such action.

 9. In the event Defendant files a bankruptcy petition, the parties hereto agree that any payments made pursuant to the terms of this Stipulation, shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C. §547(c)(2) and shall not be claimed by Defendant as a preference under 11 U.S.C. §547 or otherwise. Defendant has specifically represented that it will not file for bankruptcy once this Stipulation is executed.

 10. Any failure on the part of the Plaintiffs to take any action against Defendant as provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed a waiver of any subsequent breach by the Defendant of any provisions herein.

 11. Should any provision of this Stipulation be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this Stipulation.

 12. Christopher Johnson acknowledges that he is the President of Defendant Jolandco, Inc. as well as President of Joco Geospacial, a related entity. Both companies have the same

6
C:\Users\cjohnson\AppData\Local\Microsoft\Windows\Temporary Internet Files\Content.Outlook\FKYI0JXH\Stipulation for Entry of Judgment 061908.doc

STIPULATION FOR ENTRY

address and principal place of operations. Mr. Johnson acknowledges that he is authorized to enter into this agreement on behalf of the above entities, as well as any related entities or other entities in which he is involved in any way. Specifically, Joco Geospacial, shall be bound by the terms of this Stipulation, as to any obligations required hereunder. All such entities, jointly and severally consent to this Court's jurisdiction in the event that subsequent legal action becomes necessary. Defendant and all its successors in interest, assigns, and affiliated entities, shall be bound by the terms of this Stipulation. In addition, Mr. Johnson has agreed to personally guarantee all amounts due under the terms of this Stipulation. Mr. Johnson specifically consents to the Court's jurisdiction as well as all other terms herein.

13    All parties represent and warrant that they have had the opportunity to be or have been represented by counsel of their own choosing in connection with entering this Stipulation under the terms and conditions set forth herein, and that they enter into this Stipulation voluntarily.

14.    This Stipulation may be executed in any number of counterparts and by facsimile, each of which shall be deemed an original and all of which shall constitute together one and the same instrument.

Dated: June 20, 2008                JOLANDCO, INC.

                                    By:  Christopher D. Johnson
                                    Its: _____

Dated: June 20, 2008                JOCO GEOSPACIAL

                                    By:  Christopher D. Johnson
                                    Its: _____

//
//
//

7

C:\Users\cjohnson\AppData\Local\Microsoft\Windows\Temporary Internet Files\Content.Outlook\FKYI0JXH\Stipulation for Entry of Judgment 061908.doc

STIPULATION FOR ENTRY

1 | Dated: June 20, 2008

By: _____
Christopher D. Johnson
Personal Guarantor

5 | Dated: June ___, 2008

OPERATING ENGINEERS TRUST FUNDS

_____
Wayne E. McBride
Collections Manager

8
C:\Users\cjohnson\AppData\Local\Microsoft\Windows\Temporary Internet Files\Content.Outlook\FKYI0JXH\Stipulation for Entry of Judgment 061908.doc

STIPULATION FOR ENTRY

Dated: June 20, 2008

By: _____
Christopher D. Johnson
Personal Guarantor

Dated: June 23, 2008

OPERATING ENGINEERS TRUST FUNDS

_____
Wayne E. McBride
Collections Manager

8

STIPULATION FOR ENTRY
OF JUDGMENT

# EXHIBIT B

```
[ERS01D3<    E M P L O Y E R    S Y S T E M    I N Q U I R Y  THOLLOWAY    07/29/08
02.016             FUNCTION    PLAN    EMPR-NBR    SEQ  START   PAGING PAGE   11:25:34
NEXT-REQUEST :    >ERLIST <    |021<    |044091<    |T<  >04/08<  >+     <     66
CURR-REQUEST :    >ERLIST <    [021<    [044091<    [T<
       EMPLOYER :   JOLANDCO                          CNTC: 88 TCH ENG B CO
   YTD DUE    72759.40    YTD PD       .00    CURRAR    72759.40      LCL:
```

| WRK DTE | EMPLEE COUNT | HOURS REPORTED | AMOUNT REPORTED | AMOUNT PAID | ACCOUNTS RECEIVABLE |
|---|---|---|---|---|---|
| 01/07 | 4 | 406.50 | 4,749.71 | 4,749.71 | .00 |
| 02/07 | 2 | 217.00 | 3,936.38 | 3,936.38 | .00 |
| 03/07 | 2 | 323.00 | 3,319.35 | 3,339.48 | 20.13- |
| 04/07 | 2 | 246.00 | 4,920.00 | 4,920.00 | .00 |
| 05/07 | 5 | 687.00 | 7,543.55 | 5,694.35 | 1,849.20 |
| 06/07 | 5 | 678.00 | 7,505.04 | .00 | 7,505.04 |
| 07/07 | 5 | 682.00 | 7,852.88 | 7,859.08 | 6.20- |
| 08/07 | 6 | 1,017.50 | 10,627.60 | 10,627.60 | .00 |
| 09/07 | 7 | 795.50 | 10,029.88 | 1,882.00 | 8,147.88 |
| 10/07 | 9 | 1,480.00 | 16,614.96 | .00 | 16,614.96 |
| 11/07 | 8 | 825.00 | 10,533.89 | .00 | 10,533.89 |
| 12/07 | 6 | 764.50 | 9,185.47 | .00 | 9,185.47 |
| 01/08 | 2 | 208.00 | 4,160.00 | .00 | 4,160.00 |
| 02/08 | 2 | 282.00 | 5,640.00 | .00 | 5,640.00 |
| 03/08 | 2 | 177.00 | 3,740.01 | .00 | 3,740.01 |

```
[ERS01D3<    E M P L O Y E R    S Y S T E M    I N Q U I R Y  THOLLOWAY    07/29/08
02.016             FUNCTION  PLAN   EMPR-NBR  SEQ  START   PAGING  PAGE     11:26:01
NEXT-REQUEST :    >ERLIST <   |021<   |044091<   |T< >     < >-    <    2
CURR-REQUEST :    >ERLIST <   [021<   [044091<   [T<
      EMPLOYER :  JOLANDCO                            CNTC: 88 TCH ENG B CO
   YTD DUE    72759.40   YTD PD         .00   CURRAR    72759.40        LCL:
```

| WRK DTE | EMPLEE COUNT | HOURS REPORTED | AMOUNT REPORTED | AMOUNT PAID | ACCOUNTS RECEIVABLE |
|---|---|---|---|---|---|
| 04/08 | 2 | 256.00 | 5,409.28 | .00 | 5,409.28 |

DISPLAY COMPLETE